[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on September 22, 1990, in Seymour, Connecticut. They have resided continuously in this state since that time. There is one minor child issue of the marriage: Brendan J. Murphy, born March 22, 1991.
The evidence presented at trial has clearly established the CT Page 5261-KKKK allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in §§ 46b-56, 46b-81, 46b-82 and 46b-84 C.G.S. in reaching the decisions reflected in the orders that follow.
Although the parties were married in September 1990. They have spent considerable time apart.
The plaintiff is gainfully employed as an attorney in the Chief State's Attorney's Office. She earns approximately $73,600 gross per year. The plaintiff is 41 years of age and in good health. This is her second marriage.
The defendant chose not to appear for this trial, although he was represented by counsel who appeared and participated actively in this trial. The defendant was a tenured law professor at the Quinnipiac School of Law. The defendant has been tenured since 1983. At the time of the institution of this action, the defendant voluntarily terminated his position by resigning. The defendant was earning $68,000 per year as a tenured law professor. He has failed to come to court on several pendente lite hearings prior to the date of trial. The defendant also declined to file a current, up-to-date financial affidavit. Defendant's counsel indicated for the record that the defendant's affidavit of September 1995 had not changed. According to Plaintiff's Exhibit 3, the defendant indicated he lied on his financial affidavit and stated there was no way anyone can know he is telling the truth. The defendant is 54 years of age and presently living in Maine. There was some testimony that he plans to move to Minnesota. The defendant has been uncooperative throughout these proceedings with respect to disclosure of assets, with Family Relations, with scheduled court appearances and with court ordered payments of support.
This is the second marriage for the defendant. A previous dissolution action was commenced in 1992 but was later withdrawn when the parties reconciled.
Unfortunately, the parties were unable to reconcile their differences. The court declines to assess fault to either party for the breakdown of the marital relationship.
The plaintiff is not requesting any alimony or any other CT Page 5261-LLLL property distribution for herself. She is simply requesting child support for the benefit of their minor child.
The court has carefully considered the statutory criteria.
The following orders shall enter:
I. ALIMONY
No alimony is awarded to either party.
II. CUSTODY AND VISITATION
Custody of the minor child is awarded to the plaintiff subject to the right of reasonable visitation in the defendant in accordance with the recommendation of Family Services. In the event of any dispute regarding visitation, the parties shall first attempt to resolve the issue through mediation with Family Services before proceeding to court for a hearing and orders thereon.
III. CHILD SUPPORT
The court finds that the defendant has an ability and earning capacity of $68,000 gross per year. Using this figure and the child support guidelines worksheet, counsel for the plaintiff arrived at a figure of $160 per week. The defendant provided no computation. The court is going to deviate slightly from this figure and enter an order of child support in the amount of $150 per week commencing forthwith.
IV. MEDICAL COVERAGE
The plaintiff shall continue to maintain medical coverage as is available through her employment for the benefit of the minor child. In the event medical insurance is not available to the plaintiff and is available to the defendant though employment, then he shall provide coverage for the minor child. The parties shall share equally all unreimbursed reasonable medical, dental, ophthalmological, orthodontic and psychiatric expenses.
V. ARREARS
As of July 30, 1996, the defendant owes an arrearage of $2505 in child support. In addition, the plaintiff was awarded counsel CT Page 5261-MMMM fees of $600 when the defendant failed to appear in court. The court find that the total arrears as of July 30, 1996 is $3105.
VI. SECURITY FOR CHILD SUPPORT
The defendant inherited real estate in Maine from his mother's estate in 1991. This property, according to the defendant has a value of $75,000 to $95,000.
1. To secure the payment of future support as well as the arrearage, the plaintiff shall be entitled to a lien on the defendant's real estate located at 498 Turner Street, Auburn, Maine in the amount of $104,000. Said lien shall be in the name of the plaintiff in trust for Brendan Murphy, the minor child, for the support of said child. Said amount represents an estimate of the defendant's total obligation to the minor child during Brendan's minority from July 31, 1996 to June 30, 2009 when Brendan is expected to graduate from high school. Said amount also represents the arrearages as found. The plaintiff shall also be entitled to any costs of collection and attorney's fees incurred in enforcing this lien or reducing the lien to a liquid amount for the support of the minor child.
2. Said lien shall remain in full force and effect until:
A) the death of the minor child;
B) the child's graduation from high school;
C) the child's nineteenth birthday; or
 D) any and all arrearage on child support and attorney's fees is paid in full and the garnishment against the defendant's interest in his TIAA-CREF pension as provided hereafter is in effect and becomes effective.
3. In the event said lien is reduced to a liquid fund, said fund shall be held by the plaintiff as trustee for the minor child, Brendan, for the support of said minor child. The plaintiff as trustee shall be entitled to withdraw from said fund at the rate of $150 per week for the support of the minor child, plus $50 per week on any arrearage due and owing.
4. This provision shall be modifiable in the event a CT Page 5261-NNNN garnishment to secure the weekly order of child support is placed on the defendant's monthly payment from his TIAA-CREF pension.
VII. PENSION
1. The defendant has a pension with TIAA-CREF pension with a current value of approximately $174,000. The defendant is eligible to receive monthly payments at this time at his election. When the defendant reaches the age of 59 1/2, a monthly payment will be made to the defendant from this pension.
2. The following orders are entered with respect to the TIAA-CREF pension:
 A) The plaintiff shall be entitled to notice from TIAA-CREF if the defendant goes into pay status.
 B) Until such time as the defendant elects a pay status, the minor child shall be named as a beneficiary of any pre-retirement death benefit. If required by the plan, a QDRO shall designate the child as the beneficiary. The court shall retain jurisdiction over this provision.
 C) In the event the defendant elects a pay status or receives monthly payments for his TIAA-CREF pension, an immediate withholding is ordered to secure the previously entered weekly order of child support and arrears.
VIII. DEBTS
Each party shall assume liability for the debts as listed on their respective financial affidavits and shall indemnify and hold the other harmless thereon.
IX. OTHER PROPERTY
Except as herein provided, each party shall retain all assets in his or her individual name, including but not limited to, real estate, pensions, annuities and bank accounts, free of any claim by the other.
X. MISCELLANEOUS
CT Page 5261-OOOO
1. The defendant shall be entitled to remove the following items from the premises at 61 Washington Avenue, Seymour, within 60 days of date:
1. His clothing and personal items
2. 1 armoire
3. 1 chest of drawers
4. 1 four poster bed
5. 2 Hitchcock chairs
6. 1 Louis XV chair
2. The defendant shall provide the plaintiff with 48 hours' notice of his intention to remove said items.
XI. TAX EXEMPTION
The defendant shall be entitled to claim the child as a dependent for income tax purposes, provided the defendant is current with the order of child support as of December 31 of each year.
XII. TAX REFUND
1. The parties are entitled to a 1994 tax refund of $341.28. The defendant's one-half interest in said refund shall be turned over to the plaintiff and applied toward the child support arrearage. The defendant has paid no child support since April 1996.
2. The refund check in the amount of $341.28 shall be turned over to the plaintiff forthwith and the defendant shall have no further claim to this tax refund.
XIII. ATTORNEY'S FEES
No counsel fees are awarded to either party.
Coppeto, J. CT Page 5261-PPPP